Bullakd, J.
delivered the opinion of the court.
The plaintiffs allege, that being indorsers of two promissory notes drawn by F. A. Blanc, and indorsed also by A. Beauvais, which had been negotiated and became the property of the Bank of Louisiana, they took up the same on notice of protest and paid the amount to the hank, supposing that legal demand and protest had been made by the notary of the bank. That they afterwards discovered, that in point of fact no legal demand had been made of the drawer, and that in consequence of such failure to show a legal demand, they had not been able to recover the amount of the previous indorser. They institute the present action against the bank and the notary, to recover back the amount of the two notes, with costs of the suit against the indorser, and they pray judgment against both defendants insólida. Judgment was rendered accordingly in the court of the first instance, and the defendants appealed.
[388] The right of the plaintiffs to recover back from the bank the amount •of the two notes, depends upon their showing that they paid in error. The presumption resulting from the official character and certificate of the notary is, that due demand was made of the drawer, and the onus is upon the plaintiff to show that no such demand was made. It is not enough to show that the plaintiffs failed to recover against their immediate indorser in a case in which the bank was not a party.
The notary certifies in his protest, “ that he made diligent inquiry for the drawer of said note in order to demand payment, and was informed by Mr. Labatut that he resides at Pointe Ooupée, in this State, and is not now in the city — whereupon he protests,” &c. The evidence in this cause, as well as in that of the plaintiffs against their indorser, is entirely satisfactory, that the •drawer had his domicil in New Orleans at the time of the maturity of the note, and. that no demand was made of him in or at his domicil, as required by law to fix the liability of indorsers.
But the defendants’ counsel has called our attention to a hill of exceptions, *237 taken to the refusal of the court to admit as a witness the notary by whom the protest had been made, and who was also a party defendant in this case; admitting that the plaintiffs could not deprive the hank of the testimony of their agent, by making him a party, yet it appears to us the court did not err in rejecting him as a witness. The bank had already the advantage of the official act and certificate of the same notary, which he could neither contradict nor strengthen by any verbal statements.
The right of the plaintiffs to recover of the notary himself, in solido with the hank, depends upon other principles. There is no privity between the plaintiffs and the notary who was the agent of the bank, and not theirs. Those cases in which notaries have been held responsible for neglecting to make proper demand, or to give due notice of protest, were between such notaries and those by whom they were employed.
It is therefore ordered, adjudged and decreed, that the judgment [389] of the district court be affirmed, so far as it relates to the bank of Louisiana, with costs; hut that it be revei'sed and annulled, as it relates to the defendant, William Christy, and that ours be for him, .with costs in both courts.